## MAINZER, Admr. v OHIO PUBLIC SERVICE CO

Ohio Appeals, 6th Dist, Erie Co
No. 357. Decided April 24, 1931

Young & Young, Norwalk, for Mainzer, Admr.

King, Ramsey & Flynn, Sandusky, for Ohio Public Service Company.

LLOYD, J.

The amended petition of the administrator construed most favorably to him, therefore alleged in effect that these children had as unqualified a right to be on the premises in question as if the tower had been located upon public property and completely negatives the fact that the decedent and those accompanying him were trespassers with no right or privilege to be upon the premises of Rudolph or of the service company, or to climb the tower for any purpose. The amended petition alleges also, in effect, that these boys were privileged, by the consent and invitation of the company, to climb and be upon the tower.

Of course, if such were the facts and the decedent was a child of immature years and intelligence, and wanting in knowledge of the danger incident to climbing the tower as alleged in the amended petition, it would be the duty of the company, under such circumstances, to exercise ordinary care to guard and protect him against resulting injury by proper warning or otherwise. But the facts in evidence do not support these broad allegations. The evidence fails to disclose consent of either Rudolph or the company that "children and other persons" might go upon the premises in question or upon the tower, and none that the company had knowledge that any of them were doing so.

In our judgment the uncontradicted evidence discloses decedent to have been a trespasser upon the property and tower of defendant in error and that he and his companions had been told by Mrs. Crowell that "they should not climb up" on the tower. This young man was an high school student of nearly fifteen years of age, a member of the football team and actively engaged in other branches of school athletics, and according to the evidence, possessed more than the average intelligence of a boy of his age. Allegations of fact in a pleading favorable to the pleader, of course, are not when denied, evidence of their truth.

In our judgment the administrator has

failed to produce any evidence tending to support the allegations of his amended petition.

The judgment of the Court of Common Pleas is accordingly affirmed.

RICHARDS, J, concurs.

WILLIAMS, J, dissents.

WILLIAMS, J, dissenting:

The sole question in this case is whether there is proof that the defendant company knew that boys were climbing on the tower of the defendant company, or other towers in that immediate vicinity, and were likely to sustain injury from the electricity transported. There is considerable evidence that prior to the time the boy was killed, there was such climbing.

The writer dissents solely upon the ground that knowledge of the defendant corporation could be shown not only by direct but also by circumstantial evidence and that there was some evidence tending to show knowledge on the part of the defendant corporation.